## RAISH v RAISH

Ohio Appeals, 2nd Dist, Franklin Co

No 2107.   Decided Feb 23, 1932

J. Berry, Columbus, for plaintiff in error.
T. E. and J. M. Lewis, Columbus, for defendant in error.

## BY THE COURT

Error is prosecuted by the plaintiff in error from a judgment and decree of divorce to defendant and the award of permanent alimony to her of certain real estate. Objection is also made to the order of temporary alimony. It is claimed that both the order for temporary alimony and the allowance in the form of permanent alimony are excessive, inequitable and unjustified; that the facts as disclosed by the bill of exceptions did not support the judgment rendered by the trial court.

Plaintiff in error seeks to secure a modification of the decree, particularly referable to the permanent alimony. We have examined the claims of plaintiff in error and such evidence as is before us. We appreciate that plaintiff in error had a very substantial part indeed in accumulating the property which was the subject of the court order, but the very widest latitude must be given to courts who pass upon the questions of proper alimony award in the first instance, and unless the action taken is manifestly unjust and inequitable it is the obligation of this court to support it. These parties had lived together for a number of years, and in one view of the evidence which the court had the right to accept, the defendant had been a dutiful and faithful wife, bearing the plaintiff a number of children and doing her full part in raising them to maturity, and that as a result thereof her health is impaired and her ability to earn money greatly decreased. The properties which are awarded are not as valuable as when purchased and they are mortgaged and the total equity of the defendant therein will not aggregate any considerable sum. The obligations of the plaintiff in error after payment of $260.75 to further pay to defendant in error anything in the way of money has ceased and he has the full benefit of his income.

The defendant owned one-half interest in the real estate which was awarded to her and in view of the marked depreciation in real estate values it is probable that the sum total of the equity which she has received by the decree of the court would not be in excess of $2000, or $2500 at the most. This is not such an excessive amount to award to a faithful wife and mother at the termination of the marital relation which was found by the court to result from the aggression of the husband.

Although, had we been acting as the court in the first instance we might have reached a somewhat different adjustment, we can not say that the action of the trial court was manifestly against the weight of the evidence, nor that it is an inequitable or unjust award of property.

We have examined all the questions presented and finding no error in the record requiring a reversal of the judgment, it will be affirmed.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.